UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAMON PATTERSON | CIVIL ACTION |
| VERSUS | NO. 12-1674 |
| MICHAEL DANIELS ET AL. | SECTION "A" (2) |

### REPORT AND RECOMMENDATION

On November 16, 2016, plaintiff Damon Patterson filed a "Motion to Reassert the Above Civil Action Related to All Claims that were Heck[1] Barred." Record Doc. No. 81. The presiding district judge referred the motion to me for "submission of Findings and Recommendations pursuant to 28 U.S.C. 636(b)(1)(B)." Record Doc. No. 82.

Patterson is a prisoner currently incarcerated in the Allen Correctional Center in Kinder, Louisiana. He originally filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish Assistant District Attorneys Michael Daniels and Alex Calenda; Orleans Parish District Attorney Leon Cannizarro; Orleans Parish Criminal District Court Judge Frank Marullo; Orleans Parish Indigent Defenders Jason Ullman and Kendall Green; Orleans Parish Sheriff Marlin Gusman; Orleans Parish Sheriff's Deputies Emanuel Hudson, Sgt. Crump, Sgt. Jefferson and Deputy Flagg; New Orleans police officers Vicente Dave, Lt. Bradley Tollefson and Rafael Dobard; Dr. Hernan Adames and the West Jefferson Medical Center; and Dr. Samuel Gore and

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994).

Nurses Pounds and Stephanie Powers of the Orleans Parish Prison ("OPP") medical department. Patterson alleged generally that he was falsely arrested, prosecuted and convicted of some charges for which he was incarcerated, while other charges for which he was falsely arrested were still pending; that he was subjected to excessive force during his arrest; and that he received inadequate medical care for injuries suffered in his arrest and during his incarceration in OPP. Record Doc. No. 9 (Complaint). His complaint was dismissed with prejudice as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), and/or under Heck, until such time as the Heck requirements are met. Record Doc. Nos. 67 and 69 (Order and Amended Judgment).

Patterson states in his motion that he wishes to "reassert all Heck barred claims based on the fact that said claims are no longer barred by Heck, because the Heck conditions have been met because arrest and charges bearing [Orleans Parish Criminal District Court] Case No[s]. 505248, 509734 and 511187 have been so invalidated in plaintiff's favor as of . . . November 10, 2015." Record Doc. No. 81 at p. 1. He attaches to his motion a letter dated November 10, 2015, which appears to have been sent to him by his criminal defense attorney, advising him that "the Orleans Parish District Attorney's Office has dismissed all of your pending criminal cases. Therefore, you have no more open cases currently pending in Orleans Parish . . . ." Id. at p. 2. Plaintiff states that he received the letter on November 13, 2015. Id. at p. 1.

In response to my order, Record Doc. No. 83, defendants Dr. Adames, West Jefferson Medical Center, Ullman and Green filed written opposition memoranda asserting that plaintiff's motion does not apply to his claims against them because those claims were dismissed on <u>other</u> grounds, not based on <u>Heck</u>. Record Doc. Nos. 84, 87. These defendants are correct. In addition, although defendants Daniels, Calenda, Cannizarro, Judge Marullo, Sheriff Gusman, Crump, Jefferson, Tollefson, Dr. Gore, Pounds and Powers did not file any opposition memoranda, the same argument applies to plaintiff's claims against them, which were dismissed on grounds <u>other</u> than <u>Heck</u>. <u>See</u> Report and Recommendation, Record Doc. No. 60, <u>adopted</u>, Record Doc. No. 67; Amended Final Judgment, Record Doc. No. 69. To the extent that plaintiff's motion attempts to reassert any claim against any of the defendants listed in this paragraph, it must be denied.

Plaintiff states in his motion that all charges against him in three specific Criminal District Court cases, Nos. 505248, 509734 and 511187, have been dismissed and that his "claims for damages related to <u>those arrest[s]</u> are now cognizable under [Section] 1983." Record Doc. No. 81 at p. 1 (emphasis added). Independent research by my staff in the docket masters of the Criminal District Court available online[2] establishes that the

---

[2]Orleans Parish Criminal District Court Docket Master Search, Defendant SC No. 596578, http://www.opcso.org/dcktmstr/dmdspscn.php?d1scnn=596578; Docket Master Case No. 505248, http://www.opcso.org/dcktmstr/666666.php?&docase=505248; Docket Master Case No. 509734, http://www.opcso.org/dcktmstr/666666.php?&docase=509734; Docket Master Case No. 511187, http://www.opcso.org/dcktmstr/666666.php?&docase=511187 (visited Mar. 10, 2017).

following felony charges were pending against Patterson while the instant civil action was pending, and they were all dismissed nolle prosequi on October 29, 2015: (1) No. 505248 for unauthorized use of a motor vehicle arising out of an arrest on February 19, 2011;[3] (2) No. 509734 for possession of cocaine arising out of an October 9, 2011 arrest; and (3) No. 511187 for possession with intent to distribute cocaine arising out of a February 8, 2012 arrest.

In addition, when plaintiff testified at the hearing conducted in the instant case on November 29, 2012 pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny, another possession of cocaine charge was pending against him in Criminal District Court No. 509482. He had been convicted in that case on August 15, 2012 of being a felon in possession of a firearm, resisting an officer with force, and unlawful use or possession of drug paraphernalia, but a hung jury resulted at his trial on the cocaine possession charge. All four charges arose from an arrest on October 4, 2011. The possession of cocaine charge in No. 509482 was dismissed nolle prosequi on August 6, 2015.[4]

Based on my review of this court's record, including plaintiff's written submissions and Spears hearing testimony, and the Criminal District Court docket

---

[3]The records are not clear about the arrest date, but Patterson made an initial appearance before a magistrate on February 19, 2011, so the arrest could not have been any later than that date.

[4]Docket Master Case No. 509482, http://www.opcso.org/dcktmstr/666666.php?&docase=509482 (visited Mar. 10, 2017).

4

masters, the only claims for which plaintiff had not been convicted and that this court dismissed pursuant to Heck were: (1) against police officer Dave for false arrest in February 2011 on a charge of unauthorized use of a motor vehicle in Criminal District Court No. 505248; (2) against OPP Deputy Flagg and Sgt. Hudson for false arrest on October 9, 2011 (while plaintiff was in OPP custody after his October 4, 2011 arrest) on a charge of possession of cocaine in Criminal District Court No. 509734; (3) against police officer Dobard for false arrest on February 8, 2012 on a charge of possession of cocaine with intent to distribute in Criminal District Court No. 511187; and (4) against police officers Dobard and Dave for false arrest on October 4, 2011 on a possession of cocaine charge in Criminal District Court No. 509482. These false arrest claims are plaintiff's only claims potentially subject to being reopened by his current motion, in which he alleges that all criminal charges against him for which he has not been convicted have been dismissed. The motion should be denied for the following reasons.

    A.    Plaintiff's Claims in Connection with Criminal District Court Nos. 505248, 509734 and 511187

Plaintiff moves specifically to reopen his false arrest claims related to three cases: (1) in connection with Criminal District Court No. 505248, against police officer Dave for a February 19, 2011 arrest; (2) in connection with Criminal District Court No. 509734, against Deputy Flagg and Sgt. Hudson for an October 9, 2011 arrest; and (3) in connection with Criminal District Court No. 511187, against police officer Dobard for

a February 8, 2012 arrest. The motion should be denied because probable cause for each of these arrests was found by a neutral state court judge.

### 1. Probable Cause for Arrest

To succeed on a claim of false arrest in violation of either the Fourth Amendment or state law, plaintiff must establish that defendants did not have probable cause to arrest him in each case. Probable cause exists when the facts available at the time of the arrest would support a reasonable person's belief that an offense has been or is being committed and that the individual arrested is the guilty party. Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009); Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998); State v. Johnson, 196 So. 3d 26, 33 (La. App. 2d Cir. 2016) (citing State v. Baham, 117 So. 3d 505 (La. 2013)). "If there was probable cause for any of the charges made . . . [,] then the arrest was supported by probable cause, and the claim for false arrest fails." Deville, 567 F.3d at 164 (quotation omitted). Under state law, probable cause exists "when the detaining officer has articulable knowledge of particular facts sufficient to reasonably suspect the detained person of criminal activity." Brian v. Patrick, No. 15-541-JJB-EWD, 2016 WL 394002, at *4 (M.D. La. Feb. 1, 2016) (quotation omitted) (citing La. Code Crim. Proc. art. 213; Tabora v. City of Kenner, 650 So. 2d 319, 322 (La. App. 5th Cir. 1995)); accord State in Interest of C.H., 183 So. 3d 567, 570 (La. App. 1st Cir. 2015) (citing State v. Buckley, 426 So. 2d 103 (La. 1983); State v. Bell, 395 So. 2d 805, 807 (La. 1981)).

> At the time of Patterson's arrests on February 19, October 4, and October 9, 2011,
>
> > [i]t was not custom or practice in [Louisiana] trial courts . . . to require a showing of probable cause to arrest following the filing of a bill of information. Compare the current provisions of La. C. Cr. P. art. 496 B [effective August 1, 2012] with State v. Rochon, . . . 75 So. 3d 876, 879 [La. 2011)].

State v. Thomas, 138 So. 3d 92, 94 n.3 (La. App. 4th Cir. 2014). In 2011, article 496 of the Louisiana Code of Criminal Procedure did "not expressly require a judicial determination of probable cause before a warrant is issued based on a bill of information." Rochon, 75 So. 3d at 892 (emphasis added); see id. at 879 (quoting La. Code Crim. Proc. art. 496 then in effect) ("'When . . . an information filed against a defendant who is not in custody or at large on bail for the offense charged, the court shall issue a warrant for the defendant's arrest . . . .'").

On October 25, 2011, the Louisiana Supreme Court in Rochon upheld the constitutionality of article 496 by reading it in conjunction with other provisions of Louisiana law to reconcile the article with Gerstein v. Pugh, 420 U.S. 103, 112 (1975), which required that "the existence of probable cause be decided by a neutral and detached magistrate whenever possible." Rochon, 75 So. 3d at 890. The Louisiana Supreme Court found that

> the general requirements for issuing an arrest warrant must apply to article 496. Louisiana Code of Criminal Procedure article 202 provides that an arrest warrant may only be issued if two requirements are met: (1) the complainant executes an affidavit under oath specifying, to his best knowledge and belief, the nature, date, and place of the offense, the name of the offender if known, and of the person injured if there be any; and

7

> (2) the <u>magistrate has probable cause to believe</u> an offense was committed and that the person against whom the complaint was made committed it. As both articles govern the issuance of arrest warrants, we conclude articles 202 and 496 must be read *in pari materia*, such that the <u>requirements set forth in article 202 must be met before an arrest warrant can be issued based upon a bill of information under article 496</u>. . . . [W]e find article 496 can be upheld as constitutional by adopting this narrow construction that a warrant may issue upon the basis of a bill of information only if an affidavit filed with the information shows probable cause for the arrest.

Id. at 892 (emphasis added).

Following Rochon, the Louisiana legislature amended article 496, effective August 1, 2012, to provide that when a

> [bill of] information is filed against a defendant who is not in custody or at large on bail for the offense charged, the court shall issue a warrant for the defendant's arrest if the information is accompanied by one or more affidavits which <u>establish probable cause</u> to believe that an offense has been committed and that the defendant named in the information committed it.

La. Code Crim. Proc. art. 496(B) (emphasis added).

A defendant held pursuant to a bill of information in Louisiana is entitled to a preliminary examination upon his or the state's request or the court's own motion, La. Code Crim. Proc. art. 292, at which

> the court shall . . . order his release from custody or bail if, from the evidence adduced, it appears that there is not probable cause to charge him with the offense or with a lesser included offense. If the defendant is ordered <u>held upon a finding of probable cause</u>, the court shall fix his bail if he is entitled to bail.

Id. art. 296 (emphasis added). "The primary function of the preliminary examination is to determine if there is probable cause to believe a defendant has committed a crime in

8

order to hold him on his bond obligation for trial." Johnson, 196 So. 3d at 33 (citing La. Code Crim. Proc. art. 296; Baham, 117 So. 3d at 507). "At a preliminary hearing, the State need not present all its evidence, but only a prima facie case" of probable cause. Baham, 117 So. 3d at 507 (citation omitted). Whether a Section 1983 plaintiff alleging false arrest "is ultimately determined to be guilty of [any criminal] offense is of no moment. The key issue is whether probable cause supports his arrest, incarceration, and prosecution." Williams v. Jones, No. 07-2148, 2008 WL 2704848, at *4 (W.D. La. May 16, 2008).

2. Probable Cause in Nos. 505248, 509734 and 511187

The docket records in Criminal District Court No. 505248 show that Patterson appeared in Orleans Parish Magistrate Court and bond was set on February 19, 2011. A preliminary hearing was held on April 18, 2011 in Magistrate Court at which the district attorney accepted the charge of unauthorized use of a motor vehicle. On April 20, 2011, the district attorney filed a bill of information and issued a capias (an arrest warrant, Thomas, 138 So. 3d at 94). Both Patterson and Officer Dave testified at a preliminary hearing on June 21, 2011 before the trial judge, who found probable cause for the charge and increased the amount of the bond. Patterson appeared before the court again on May 23, 2014 for a hearing on his pro se motion for preliminary examination, where he argued that the June 21, 2011 preliminary hearing had been interrupted. After reviewing the hearing transcript and considering Patterson's arguments, the court held that probable

9

cause had already been found on June 21, 2011. Patterson made the same argument at a hearing on August 6, 2015, and the court ruled that the record did not support his argument. The charge was dismissed nolle prosequi on October 29, 2015.

The docket records in Criminal District Court No. 509734 show that Patterson made a first appearance in Magistrate Court on October 10, 2011 on two charges of possession of cocaine and possession of contraband in a correctional institution. The magistrate found no probable cause for the contraband charge, but set a bond on the cocaine possession count. On December 7, 2011, the district attorney filed a bill of information charging Patterson with one count of possession of cocaine and issued a capias. A preliminary hearing was held in the trial court on May 23, 2014, at which the state called one deputy (who is not a defendant in the instant action), Patterson testified on his own behalf, and both sides presented exhibits. The court found probable cause. The charge was dismissed nolle prosequi on October 29, 2015.

The docket records in Criminal District Court No. 511187 show that Patterson made an initial appearance in Magistrate Court on February 9, 2012 on two charges of possession with intent to distribute cocaine, for which bond was set. Although the district attorney accepted both charges at a preliminary hearing in Magistrate Court on March 29, 2012, the district attorney filed a bill of information containing a single charge of possession with intent to distribute cocaine and issued a capias on April 5, 2012. The trial court set a bond on April 23, 2012. At a preliminary hearing on August 6, 2015, the

trial judge found probable cause, overruling defense counsel's objection that he had not been able to question "Rapheal Dobar." The charge was dismissed nolle prosequi on October 29, 2015.

A trial judge in each of these three cases found probable cause at an adversarial preliminary hearing that included consideration of Patterson's evidence and arguments. Because probable cause was found, plaintiff cannot establish the elements of a false arrest claim. Accordingly, plaintiff's motion to reassert his claims arising out of Criminal District Court Nos. 505248, 509734 and 511187 should be denied.

B.  Plaintiff's Claims in Connection with Criminal District Court No. 509482

Plaintiff testified at his Spears hearing about his allegedly false arrest by officers Dobard and Dave on October 4, 2011, which led to the possession of cocaine charge in Criminal District Court No. 509482. This court dismissed those claims pursuant to Heck on May 14, 2013. Plaintiff's motion specifically cites his claims arising out of the three Criminal District Court cases discussed above and does not state that he wants to reopen his claims related to Criminal District Court No. 509482. However, to the extent he might seek to do so, the motion is futile because these claims have prescribed.

The docket records in the criminal case show that Patterson was representing himself and was present in open court when the possession of cocaine charge was dismissed on August 6, 2015. Although Section 1983 has no statute of limitations, the Louisiana prescription statute is applicable to suits brought in federal court under Section

11

1983. "Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts borrow the forum state's general personal injury limitations period. Louisiana Civil Code article 3492's one-year prescriptive period applies to [plaintiff's] § 1983 action." Johnson v. Lamartiniere, 387 F. App'x 470, 471-72 (5th Cir. 2010) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens v. Okure, 488 U.S. 235, 249-50 (1989); Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989)); accord Miller v. Mancuso, 388 F. App'x 389, 391 (5th Cir. 2010) (citing Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994)).

The Section 1983 "'limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof.'" Woods v. Chapman, 239 F. App'x 35, 38 (5th Cir. 2007) (quoting Jensen v. Snellings, 841 F.2d 600, 606 (5th Cir. 1988)); accord Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). The forum state's tolling rules also apply to Section 1983 actions in this court. Heimeshoff v. Hartford Life & Accident Ins. Co., 134 S. Ct. 604, 616 (2013); Heath v. Bd. of Supervisors, No. 16-30625, 2017 WL 923408, at *5 (5th Cir. Mar. 8, 2017). Under Louisiana law, the limitations period for Section 1983 claims is not tolled while the plaintiff is in prison. McGuire v. Larpenter, 592 F. App'x 272, 275 (5th Cir. 2014) (citing Jackson v. Jefferson Parish Clerk of Ct., 981 So. 2d 156, 159-60 ((La. App. 5th Cir. 2008)).

Even if prescription on Patterson's claims could have been interrupted during the pendency of the criminal charge in Criminal District Court No. 509482, so that "the time that has run is not counted and prescription starts over from the last day of interruption," Johnson, 387 F. App'x at 472 (citing La. Civ. Code art. 3466), plaintiff knew on August 6, 2015 that the charge was dismissed because he was present in open court when it happened.

Plaintiff's motion to reassert the instant complaint was filed by the Clerk of this Court on November 16, 2016. He signed and dated the motion on November 10, 2016, which would be the earliest date when he could have delivered it to prison officials for mailing. In the pro se prisoner context, the date when prison officials receive the complaint from the plaintiff for delivery to the court, the so-called "mailbox rule," is considered the time of filing for limitations purposes. United States v. Petty, 530 F.3d 361, 363 & n.1 (5th Cir. 2008); Stevenson v. Anderson, 139 F. App'x 603, 604 (5th Cir. 2005); Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

Plaintiff's claims related to Criminal District Court No. 509482 prescribed no later than August 6, 2016, one year after he knew that the charge had been dismissed. His motion to reopen the claims was filed more than three months after prescription had already run. The motion is untimely and plaintiff is barred from asserting those claims

13

in this court. To the extent he seeks to reopen his complaint with respect to these claims, the motion should be denied.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's "Motion to Reassert the Above Civil Action Related to All Claims that were Heck Barred," Record Doc. No. 81, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[5]

New Orleans, Louisiana, this ___5th___ day of April, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen (14) days.